## BATTIE *v.* ROTH.

1. INTOXICATING LIQUORS—TRIAL—INSTRUCTIONS.

   In an action against a saloon keeper and his bondsman for an illegal sale of liquor to plaintiff's minor son, where defendant saloon keeper admitted that part of the liquor was drunk when plaintiff stepped around the partition to the bar, and denounced the sale, an instruction to the jury that plaintiff was so near to said minor son at the time that he could have prevented his drinking the liquor, but did not do so, *held*, erroneous and prejudicial.

2. SAME—BAR TO ACTION—ACQUIESCENCE—INFERENCES.

   Where there was nothing in the record from which an inference could be drawn that plaintiff acquiesced in the furnishing of liquor to his minor son, an instruction to the jury that plaintiff could not recover for an illegal sale of liquor that he acquiesced in, was erroneous.

3. SAME.

   Where the minor son had drunk part of the glass of liquor before plaintiff entered the bar, he was under no obligation to snatch the glass from his son's hand, and his failure to do so cannot be construed as acquiescence in the illegal sale.

4. SAME—MINORS—ILLEGAL SALES—GOOD FAITH—DEFENSES.

   Under the provisions of the act (2 Comp. Laws 1915, § 7050), the good faith of the defendant in selling the liquor to a minor is no defense, and while it might have been considered by the jury in its award of damages, it was error for the trial court to submit it as a fact which, with others, would bar recovery.[1]

5. SAME—EVIDENCE—MOTIVE—TRIAL—INSTRUCTIONS.

   The trial court was in error in submitting to the jury testimony of defendant that he had had trouble with an older brother of the minor who was with him when the illegal sale was made, as tending to furnish a motive on the part of plaintiff for prosecuting the action, since there is nothing in the record to show that plaintiff knew of the incident.

---

[1]The question of seller's ignorance of minority of purchaser of intoxicating liquor as defense to prosecution for sale to minor is discussed in a note in 25 L. R. A. (N. S.) 669.

Error to Muskegon; Vanderwerp (John), J. Submitted October 14, 1919. (Docket No. 33.) Decided December 22, 1919.

Case by Charles A. Battie against Henry Roth, principal, and the Michigan Bonding & Surety Company, surety, under the civil-damage act. Judgment for defendants. Plaintiff brings error. Reversed.

*Simpson & Gale*, for appellant.

*Sybrant Wesselius*, for appellee Roth.

*A. F. Bunting*, for appellee surety company.

SHARPE, J. This action was brought by the plaintiff to recover damages for the unlawful sale and furnishing of intoxicating liquor to his minor son, Owen Battie, during the period between May 1, 1917, and April 1, 1918. The defendant Roth was at that time engaged in the business of a saloon keeper in the city of Muskegon, and the other defendant was the surety on his bond as such. The case was submitted to the jury, who rendered a verdict for the defendants, on which judgment was entered. The plaintiff moved for a new trial, which was denied. He now appeals to this court, alleging errors in the charge of the trial judge and in the denial of such motion.

It is the claim of the plaintiff that, on several occasions, during the time alleged, the defendant Roth and his bartender sold spirituous and intoxicating liquor to Owen Battie, who was at that time but 18 years of age. Three young men testified positively to such sales by both Roth and his bartender. Owen testified that, before he began to get liquor at Roth's saloon, he turned over an average of $10 per week of his earnings to his father but after that time he spent his money for liquor.

The front part of the saloon was separated from

the barroom proper by a short partition. In this Roth kept his safe. On the evening of March 30, 1918, Owen and his elder brother, Bert, entered the saloon. Roth cashed Owen's time check, taking the money from the safe, and Owen and Bert then stepped around the partition to the front of the bar and Owen asked for a drink. As to what then occurred, Roth testified:

"He came up and he says he wanted a drink, and I said, 'No, you look too young to me,' and he said, 'I am twenty-one,' and his brother stood there and he said, 'No, he is all right; he is twenty-one,' so Bert said. I said, 'He don't look old enough to me, but if you say he is all right, I will give you a drink,' and I set the bottle on the bar, and they poured out the drinks, and I put the bottle away, and the old gentleman walked around the bar and he said, 'I have got you. You sold my boy, nineteen years old.' That is the very words he said."

He later said, in answer to a question from his counsel:

"*Q.* When he (plaintiff) came around the partition, the boy hadn't drank the liquor yet?
"*A.* No, not entirely."

He also testified that before that he had had some trouble with Bert and had thrown him out of the saloon, and that Bert had then said, "I will get you."

The sections of our statutes (2 Comp. Laws 1915) which authorize this action read as follows:

"(7050) SEC. 20. Every person who shall by himself, or by any clerk, servant, agent or employe, sell, give or furnish, or cause to be sold, given, or furnished, any intoxicating * * * liquors * * * to any minor * * * shall in addition to all other penalties provided therefor by this act, be liable for both actual and exemplary damages therefor, to the father * * * in such sum, not less than fifty dollars in each case, as the court or jury shall determine. * * *

"(7051) SEC. 21. The damages in all cases arising under this act, together with costs of suit, shall be recoverable in an action of trespass on the case before any court of competent jurisdiction. And in any case where parents shall be entitled to such damages either the father or the mother may sue alone therefor. But recovery by one of said parties shall be a bar to a suit brought by the other."

The first assignment of error is based on the instruction of the court wherein, in stating to the jury the claim of the defendant Roth as to the sale on March 30th, he said:

"That before the liquor was drunk by Owen Battie, the plaintiff stepped to the bar and said to Mr. Roth that he should not sell Owen liquor as he was only nineteen years old, and that plaintiff was so near to Owen Battie at the time that he could have prevented his drinking the liquor but did not do so."

This was doubtless presented to the court as a request to charge. While the court may properly state to the jury the claims of the respective parties, he should be careful to present only such claims as are founded on the testimony. As before stated, Roth admitted that a part of the glass of liquor had been drunk by Owen before plaintiff came around the partition. In view of this admission by him, the instruction was erroneous and prejudicial. The jury might well have inferred from the instruction that, in the opinion of the court, there was testimony of the defendant Roth supporting the claim as stated.

In the seventh assignment of error, the plaintiff complains of the following instruction:

"It is well-settled law that a party cannot recover for an illegal sale of liquor that he acquiesced in or that he furnished or that he could have prevented from being furnished, and his presence upon that occasion and not forbidding the delivery of the liquor was an acquiescence within the law which would bar him from recovery. While the sale of liquor without

the parent's consent is contrary to law, yet furnishing of liquor to a minor creates no liability unless damage is done, except for a minimum penalty of fifty dollars, and this penalty could not be recovered if no liquor was furnished except that which plaintiff acquiesced in."

This portion of the charge assumed that, from the proofs, the jury might find that the plaintiff acquiesced in the sale of the liquor to Owen. We fail to find anything in the record from which such an inference can be drawn. There is no evidence that the plaintiff ever bought liquor for Owen or that he was ever before present when Owen was drinking. He remonstrated with Roth for selling it to him. He was under no obligation to snatch the glass from his son's hand even were he in a position to do so. At least a part of the glass had been drunk before he arrived at the bar. The propriety of exercising parental authority at such a time and place may well be doubted. The defendants rely on the following authorities:

"In an action by a father if it appears that he has consented to and acquiesced in the sale of liquor to a minor son, such conduct on his part may in connection with other circumstances be a bar to an action by him. And where in an action by parents to recover damages for the death of their son resulting from his intoxication, vindictive damages are claimed, it is proper to show that on other occasions the father had visited other saloons in company with his son and had drank with him." Joyce on Intoxicating Liquors, § 451, p. 512.

See, also, *Rosecrants* v. *Shoemaker,* 60 Mich. 4.

The proofs do not bring this case within the rule laid down in either of these authorities. As stated by Mr. Joyce, it must appear that the father "consented to and acquiesced in the sale of liquor to a minor son," while in the *Shoemaker Case* the question involved was as to whether or not the plaintiff

"had encouraged and requested" the sale of liquor to her husband. The jury had the right to consider all of the facts incident to the sale in determining the damages to which plaintiff was entitled. But, in our opinion, there was no evidence which justified an instruction that they might find such a consent to, and acquiescence in, the sale on the part of plaintiff as would bar his recovery.

In the fourth assignment, plaintiff alleges error on the following instruction:

"If you find from the evidence in this case, gentlemen, that the only intoxicating liquor which the young man, Owen Battie, ever received or was sold at Mr. Roth's saloon and that the plaintiff, on that one occasion, stood by, and near enough to the young man to have prevented his drinking it, and did not do so, and that such liquor was furnished or sold to Owen Battie by Mr. Roth in good faith, believing the statements made to him at the time by the young man and his brother, Bert, that Owen was twenty-one years old, the plaintiff cannot recover in this case."

The court afterwards properly instructed the jury in this particular. He said:

"It is no defense in this case that from the appearance or statements of the minor or any other person, the defendant believed him to be of full age, as the law absolutely forbids the sale of intoxicating liquors to a minor, and any one selling or furnishing malt, brewed, fermented and intoxicating liquor to a minor, does so at his peril."

The good faith of the defendant was no defense, and, while it might have been considered by the jury in its award of damages, it should not have been submitted as a fact which would, with the other facts stated, bar a recovery.

We are also of the opinion that the testimony of the defendant as to the trouble which he claims he had at a previous time with Owen's older brother,

Bert, who was with him on March 30th, when the liquor was furnished, should not have been submitted to the jury as tending to show a motive on the part of plaintiff for prosecuting this action. There is nothing in the record to indicate that the plaintiff knew of it, and, even if Owen did know of it, this suit is not brought by him or for his benefit.

In view of what has been said, the other errors complained of are not likely to arise on another trial.

The judgment is therefore reversed, with costs, and a new trial granted.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.